# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| TYRONE D. FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:13-CV-1073 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Tyrone D. Frazier a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 seeking to challenge his 1991 conviction for battery in Marion County. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Frazier pled guilty to felony burglary in 1991 and was sentenced to two years in prison. (DE 1 at 1, 5.) In 2003, he was convicted of another offense and sentenced as a habitual offender based in part on the 1991 burglary conviction. (*Id.* at 5.) He now argues that his 1991 conviction should be overturned because he received ineffective assistance of counsel and his guilty plea was involuntary. (DE 1 at 4.)

A petitioner is not "in custody" pursuant to a conviction that has been fully executed. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus "once a state conviction is no longer open to direct or collateral attack in its own right" the conviction is regarded as "conclusively valid." *Coss*, 532 U.S. at 403. Even if the conviction is later used to enhance a sentence, the defendant "may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was

unconstitutionally obtained." *Id.* at 403-04. There is a single exception to this rule, where the prior conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), because the defendant was not appointed counsel in the underlying case. *Id.* at 404.

Here, it is apparent from the petition that Frazier's 1991 conviction is fully executed. It is also apparent that Frazier had counsel in the 1991 case, notwithstanding his view of counsel's performance. Under *Coss*, he is barred from obtaining federal habeas relief with respect to the 1991 conviction.[1] *See Martin v. Deuth*, 298 F.3d 669, 672 (7th Cir. 2002) (petitioner was precluded from obtaining habeas relief on the basis of a prior conviction used to enhance current sentence, because prior conviction was no longer open to attack in its own right and he did not allege that conviction was obtained in violation of *Gideon*).

Moreover, even if Frazier could overcome this barrier, his petition would not be timely. His petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although *Coss* would not preclude Frazier from challenging his current conviction, subject to the usual constraints of 28 U.S.C. § 2254, his petition is framed entirely as an attack on the 1991 conviction.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Frazier's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. (*See* DE 1 at 5.) Because Frazier's conviction became final prior to the enactment of AEDPA, he had until April 24, 1997, to seek federal habeas relief. *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). He did not file by this deadline, and instead waited until September 2013 to seek federal habeas relief. Although in 2003 he filed a state post-conviction petition challenging his conviction, this filing did not toll or otherwise affect the federal deadline, since the deadline had expired several years earlier. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of 28 U.S.C § 2244(d)(2)). The state court's subsequent decision denying post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *Id.* at 942-43. For these reasons, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner

must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is explained above, Frazier is barred from challenging his fully executed 1991 conviction. Even if he could overcome this barrier, his petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Frazier to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For the reasons set forth above, the court **DISMISSES** the petition (DE 1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** the petitioner a certificate of appealability.

**SO ORDERED** on October 8, 2013.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division